## TRUMBO v. CUMMING.

1. A sale by the sheriff under a junior judgment of the State court divests the liens of senior judgments upon the property so sold, of both State and United States Courts.
2. Where the mortgagee purchased the mortgaged land at a sheriff's sale under a junior judgment, and (the land having been forfeited to the State for non-payment of taxes) also obtained deed from the commissioners of the sinking fund, the lien of this mortgage, and also of all outstanding judgments and taxes, was divested, and, therefore, the mortgagee acquired a good, marketable title, which a purchaser from him was bound to accept.

---

Before WALLACE, J., Charleston, July, 1883.

Controversy without action between Sarah H. Trumbo, plaintiff, and James D. Cumming, defendant. The opinion states the case.

*Mr. Jennings W. Perry,* for appellant.

*Mr. T. M. Mordecai,* contra.

January 15th, 1884. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This was a controversy submitted without action, and the facts out of which it arose are as follows: Christopher C. Trumbo owned certain real estate in the city of Charleston, in fee-simple, for sixteen years prior to January 1st, 1880, the same being, however, all the while subject to a mortgage in favor of the city council of Charleston. Between July 27th, 1867, and May 11th, 1882, sixteen judgments and one money decree were duly recovered and entered in the Court of Common Pleas for Charleston county (sometime district) against the said C. C. Trumbo, and executions were duly issued thereon. The first judgment bears date July 27th, 1867, and the last, May 11th, 1882. On December 20th, 1867, a judgment was recovered against the said C. C. Trumbo in the Circuit Court of the United States for the District of South Carolina, and execution was duly issued thereon but no further action had.

The said C. C. Trumbo having neglected from year to year to pay the State and county taxes on the premises, the same were regularly forfeited to the State of South Carolina, and the commissioners of the sinking fund conveyed the said premises to the city council of Charleston on July 20th, 1881. On May 11th, 1882, the premises were levied on by the sheriff of Charleston county, under and by virtue of an execution issued on the junior judgment above mentioned, and, after duly advertising, the same were sold at public outcry to the city council of Charleston. In pursuance thereof, the said sheriff, on June 5th, 1882, conveyed the said premises to the city council of Charleston, who, on November 15th, 1882, conveyed to the plaintiff. On June 30th, 1883, the plaintiff contracted in writing to sell the said premises to the defendant for the sum of $6,000 in cash, and the object of this proceeding is to enforce the specific performance of such contract.

The only question submitted for the determination of the court

was, whether the title of the plaintiff was such a marketable title as the defendant was bound to accept. The Circuit judge answered this question in the affirmative, and rendered judgment for the plaintiff. From this judgment, the defendant appeals upon two grounds: 1st. Because the sale, under the execution of May 11th, 1882, did not divest the lien of the senior judgment in either the State or the United States courts. 2d. Because the commissioners of the sinking fund could not convey a title in fee-simple.

First, as to the lien of the senior judgments in the State courts. Ever since the cases of *Snipes* v. *The Sheriff of Charleston*, 1 *Bay* 295, and *Greenwood* v. *Naylor*, 1 *McC.* 414, followed by *Gist* v. *McJunkin*, 1 *McMull.* 342; *Vance* v. *Red*, 2 *Spears* 90, and *McKnight* v. *Gordon*, 13 *Rich. Eq.* 222, recognized in the recent case of *Agnew* v. *Adams*, 17 *S. C.* 364, it has been uniformly held in this State that a sale by the sheriff under a junior judgment divests the lien of the senior judgments and confers a good title on the purchaser—the senior judgments being first entitled to the proceeds of the sale in the order of their priorities. It is very clear, therefore, that so far as the senior judgments recovered in the State courts are concerned, the purchaser took a good title against them.

Next, as to the lien of the judgment recovered in the United States Court. The case of *Pulliam* v. *Osborne*, 17 *How.* 471, makes it equally clear that the sale by the sheriff divested the lien of that judgment also.

We do not deem it necessary in this case to consider or determine the extent of the powers of the commissioners of the sinking fund in making a sale of land forfeited to the State for non-payment of taxes where the rights of third persons are concerned, for, here, whatever interest the State may have had under the forfeiture for non-payment of taxes, has been conveyed to the city council of Charleston, who held the first lien, by way of mortgage, on the premises in question, and, by its purchase at sheriff's sale of the mortgagor's interest, has extinguished that lien. *Schnell* v. *Schroder*, *Bailey Eq.* 334; *McLure, Brawley & Co.* v. *Wheeler*, 6 *Rich. Eq.* 343; *Allen* v. *Richardson*, 9 *Rich. Eq.* 53. The city council having thus acquired all of the interest

of C. C. Trumbo, which is conceded to have been a fee, divested of all the liens, and having conveyed the same to plaintiff, her title has become good and marketable, and such as the defendant is bound to accept.

The judgment of this court is that the judgment of the Circuit Court be affirmed.